The ESTATE OF Gladys B. ROBICHAUX, Represented by George Evans ROBICHAUX, John Charles Robichaux, Robert Joseph Robichaux, and Charles Evans Robichaux, Jr., Testamentary Co-Executors of the Succession of Gladys Marie Broussard (Gladys B. Robichaux),

v.

JACKSON NATIONAL LIFE INSURANCE COMPANY.

Civ. A. No. 92–0290.

United States District Court, E.D. Louisiana.

May 5, 1993.

---

Kenneth L. Ross, Seale, Macaluso & Ross, Hammond, LA, for plaintiff The Estate of Gladys B. Robichaux, Represented by George Evans Robichaux, John Charles Robichaux, Robert Joseph Robichaux, and Charles Evans Robichaux, Jr., Testamentary Co–Executors of the Succession of Gladys Marie Broussard (Gladys B. Robichaux).

Jonathan C. McCall, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, for defendant Jackson Nat. Life Ins. Co.

## ORDER AND REASONS

DUPLANTIER, District Judge.

For the reasons dictated into the record at the trial of this matter, I concluded that defendant Jackson National Life Insurance Company's failure to unconditionally tender to plaintiff the interim benefits owed under Gladys Robichaux's life insurance policy was arbitrary and capricious. I reserved ruling on plaintiff's entitlement to penalties under La.Rev.Stat. 22:1220, and requested the parties to address that issue in post-trial submissions. They have done so.

Jurisdiction in this case is based on diversity of citizenship; I apply the substantive law of Louisiana. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). This case presents several issues as to which there is no controlling decision of the Louisiana Supreme Court. The Louisiana courts of appeal have considered these issues, but I am not bound by their decisions. *See Haught v. Maceluch,* 681 F.2d 291 (5th Cir.1982).

La.Rev.Stat. 22:1220 provides in pertinent part:

A. An insurer … owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:

(1) Misrepresenting pertinent facts or insurance provisions relating to any coverages at issue.

(2) Failing to pay a settlement within thirty day after an agreement is reduced to writing.

(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.

(4) Misleading a claimant as to the applicable prescriptive period.

(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such a failure is arbitrary, capricious, or without probable cause.

C. In addition to any general or special damages to which a claimant is entitled

for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either the past or prospective loss experience for the purpose of setting rates or making rate filings.

## DAMAGES ARE NOT A PREREQUISITE TO ASSESSMENT OF PENALTIES

■ Relying on *Champagne v. Hartford Insurance Group*, 607 So.2d 752 (La.App. 1st Cir.1992), defendant contends that penalties cannot be assessed under 22:1220C because plaintiff failed to prove that damages were actually sustained as a result of the breach of the affirmative duty owed to it. I disagree. The *Champagne* court concluded that damages were a prerequisite to the assessment of penalties without offering any reasoning in support of that decision. No language in the statute requires that damages be sustained before a penalty can be imposed, and implying such a requirement would thwart the statute's purpose. I conclude that the penalty stipulated in the statute is due whenever the insurer breaches a duty owed under the statute, as defendant did in this case.

## THE STATUTE APPLIES TO LIFE INSURANCE

■ Citing two Louisiana appellate court decisions [1], defendant contends that La.Rev. Stat. 22:1220 permits penalties to be assessed only when an insurer commits one of the acts enumerated in Paragraph B. Defendant also urges that its actions do not fall within any of the enumerated acts in Paragraph B.

The Louisiana Fourth Circuit Court of Appeals construed the acts proscribed in Paragraph B as the exclusive acts for which penalties can be imposed. *Hernandez v. Continental Casualty Insurance Co.*, 615 So.2d 484 (La.App. 4th Cir.1993), *Boatner v. State Farm Mutual Automobile Insurance Company*, No. 92–C–1284 (1992). Such a con-

struction is too limited. On its face, Paragraph B does not purport to be an exclusive listing. Paragraph A delineates the affirmative duties owed by an insurance company to its insured and to third party claimants under an insurance policy. The insured is owed a duty of good faith and fair dealing. Additionally, the insurer owes to its insureds and to third party claimants, a separate duty to adjust claims fairly and promptly and to make a reasonable effort to settle the claims. Allowing penalties to be assessed only when an insurer commits one of the acts enumerated in Paragraph B, negates the general duties imposed in Paragraph A.

■ I conclude that penalties can be imposed for an insurer's breach of a duty imposed in Paragraph A. The duty to "make a reasonable effort to settle claims" is clearly breached by an insurer who admits that certain benefits are due to a claimant but nonetheless conditions payment of those benefits on the claimant's release of a claim to other benefits allegedly due under the policy. That is precisely what happened in this case; there can be no better example of an insurer's breach of the duty to "make a reasonable effort to settle claims".

■ In addition to breaching the duty to "make a reasonable effort to settle claims", defendant failed to timely pay plaintiff the interim benefits owed under the policy in contravention of Paragraph B(5). Defendant urges that Paragraph B(5) is inapplicable because plaintiff was not an "insured" under Gladys Robichaux's life insurance policy. I construe Paragraph B(5) as applicable to "insureds" as well as to "claimants" under a policy. It is true that the statute provides that penalties are imposed for an insurer's failure to pay the amount of any claim due "any person insured under the policy". However, that sentence continues and states that the time period within which the claim must be paid commences upon receipt of satisfactory proof of loss from the "claimant" (not limited to "insured"). Restricting Paragraph B(5) to "insured" effectively makes the

1. *Hernandez v. Continental Casualty Insurance Co.*, 615 So.2d 484 (La.App. 4th Cir.1993), *Jerry L. Boatner v. State Farm Mutual Automobile Insurance Company*, NO. 92–C–1284 (La.App. 4th Cir.1992).

432

provision inapplicable to claims arising under life insurance policies where the deceased "insured" is never the party making a claim. The legislature could easily have added all life insurers to the list specifically exempted from the statute's provisions. It did not do so. Indeed, the clearest indication that the penalty provision in question applies to this life insurance policy can be demonstrated by reference to Paragraphs D and E of the statute, the exemption provisions. In Paragraph D, the statute is made inapplicable to health and accident policies no matter what insurer may have written them. Paragraph E takes a different approach: it exempts certain life insurance policies, but only those written by "industrial and burial insurance companies, as provided for in R.S. 22:251 and 253 or to any insurer that markets under the Home Service Marketing distribution method". Defendant Jackson National Life Insurance Company fits none of those categories.

### AMOUNT OF PENALTY; NO ATTORNEY'S FEE

I award plaintiff $5,000.00, the minimum provided by La.Rev.Stat. 22:1220C for defendant's arbitrary and capricious failure to make payment of the interim life insurance benefits within sixty days of being furnished satisfactory proof of Gladys Robichaux's death. Plaintiff seeks an award of attorney's fees as well. Louisiana law permits recovery of attorney's fees when they are provided for by statute or contract. *Nat Harrison Associates, Inc. v. Gulf States Utilities Co.*, 491 F.2d 578 (5th Cir.1974). There is neither a contractual nor a statutory basis for an award of attorney's fees in this case.