673 So.2d 362 (1996)
Paul L. CARTER, Sr. and Nelda Carter
v.
Kim DAVIS and Patterson Insurance Company.
No. 95 CA 2198.
Court of Appeal of Louisiana, First Circuit.
May 10, 1996.
*363 Karen Crosby Fulda, Charles J. Fulda, Hammond, for Plaintiffs-Appellees Paul L. Carter, Sr., and Nelda Carter.
Ellison C. Travis, Hammond, for Defendants-Appellants Patterson Insurance Company and Kim Davis.
Before WATKINS and FOIL, JJ., and TANNER, J. Pro Tem.[1]
WATKINS, Judge.
The sole issue presented in this appeal is whether the trial court erred in awarding $5,000.00 in penalties for bad faith settlement practices under LSA-R.S. 22:1220.

FACTS
As a result of injuries received in a automobile accident, on May 20, 1993, the plaintiffs, Mr. Paul L. Carter, Sr. and Nelda Carter, filed suit for damages against Ms. Kim Davis and her insurer, Patterson Insurance Company. The plaintiffs later amended their suit seeking penalties under LSA-R.S. 22:1220. The issue of penalties was submitted to the trial court for decision based upon admissions and stipulations filed into the record. The trial court awarded the plaintiff $5,000.00 as penalties for Patterson's breach of its duty of good faith and fair dealing by failing to settle plaintiffs' claim. The court stated "[f]rom the totality of the evidence submitted in this case, this court finds that defendant Patterson Insurance Company, through its agent Linda Brookshire, violated *364 LSA-R.S.22:1220(A) by conditioning payment of an undisputed claim on the release of its insured." In support of its award the court cited Estate of Robichaux v. Jackson Nat. Life Ins. Co., 821 F.Supp. 429 (E.D.La. 1993). The defendants appealed alleging error in the trial court's finding that Patterson breached its duty under LSA-R.S. 22:1220.

LAW
LSA-R.S. 22:1220 imposes on an insurer the affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Zidan v. USAA Property and Cas. Ins. Co., 622 So.2d 265, 267 (La. App. 1st Cir.), writ denied, 629 So.2d 1138 (La.1993). An insurer who breaches this duty is liable for damages sustained as a result of the breach. Id. LSA-R.S. 22:1220 grants a right and cause of action to a claimant as well as an insured against an insurer who breaches the statutorily prescribed duties and provides for the award of general, special and punitive damages. Id.
LSA-R.S. 22:1220 provides in pertinent part:
§. 1220. Good faith duty; claims settlement practices; causes of action; penalties
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
(4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
In Champagne v. Hartford Casualty Insurance Group, 607 So.2d 752 (La.App. 1st Cir.1992), we explained that in order for an insurer to be liable for damages under LSA-R.S. 22:1220(A), the insured or claimant must prove that he sustained damages as a result of the insurer's breach. The claimant or insured is then entitled to recover any general and special damages incurred by the insurer's breach. In addition to recovering general and special damages the claimant may recover a penalty of up to a maximum of two times the damages. We noted that unlike the penalty provision of LSA-R.S. 22:658, the penalty provision of LSA-R.S. 22:1220(C) is applicable only after a showing of damages actually suffered as a result of the breach. Id. Cf. Khaled v. Windham, 94-2171 (La.App. 1st Cir. 6/23/95), 657 So.2d 672, writ denied, 95-1914 (La. 11/1/95), 661 So.2d 1369. We acknowledge that the court in Estate of Robichaux v. Jackson Nat. Life Ins. Co., 821 F.Supp. 429 (E.D.La.1993), declined to follow our interpretation of the statute; however, we believe that the plain language of the statute dictates this result. A court's interpretation of a law should reflect the meaning the lawmaker intended. Bunch *365 v. Town of St. Francisville, 446 So.2d 1357 (La.App. 1st Cir.1984). Furthermore, it is presumed that every word, sentence or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Id. The penalty provision clearly states, "[I]n addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties ..." (Emphasis supplied.) Giving meaning to each word of the statute, we believe that the lawmakers intended the penalty provisions in Section C of the statute to apply only in circumstances where the claimant has proven his entitlement to general or special damages.
It is the plaintiff's burden to prove the damage he suffered as a result of defendant's fault, and to support an award there must be evidence in the record. Borden, Inc. v. Howard Trucking Co., Inc., 454 So.2d 1081 (La.1983). The record herein reveals no evidence of damages suffered by the plaintiff as a result of the defendant's conduct. Under these circumstances the trial court erred in awarding plaintiffs penalties under LSA-R.S. 22:1220. Because we find that the plaintiffs failed to prove any damages as a result of any alleged breach, we pretermit any discussion of the trial court's finding that Patterson breached its duty to the plaintiffs under LSA-R.S. 22:1220.
For the reasons set forth we reverse the trial court judgment. All costs of this appeal are to be paid by the plaintiffs.
REVERSED.
NOTES
[1] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.