703 So.2d 813 (1997)
Tanya BRINSTON
v.
AUTOMOTIVE CASUALTY INSURANCE COMPANY.
No. 96-CA-1982.
Court of Appeal of Louisiana, Fourth Circuit.
December 3, 1997.
Rehearing Denied January 15, 1998.
*814 T. Peter Breslin, Jr., Chehardy, Sherman, Ellis, Breslin & Murray, Metairie, for Plaintiff/Appellee.
Robert H. Cooper, Blue Williams, L.L.P., Metairie, for Defendant/Appellant.
Before ARMSTRONG, LANDRIEU and MURRAY, JJ.
ARMSTRONG, Judge.
The defendant, Automotive Casualty Insurance Company (Automotive Casualty), appeals a judgment awarding its insured/plaintiff, Tanya Brinston, $17,100.90 in damages, penalties and attorney's fees. We now amend the judgment of the trial court and affirm as amended.
On January 8, 1994, Tanya Brinston's truck was damaged by fire. Ms. Brinston reported the incident to her insurer, Automotive Casualty, and demanded payment for the damage. Automotive Casualty refused the claim and Ms. Brinston filed suit seeking the full value of the truck, plus penalties, attorney's fees and interest. Automotive Casualty denied coverage and pled the defense of arson.
At trial, the parties stipulated to the amount of damage to the truck, insurance coverage and the fact that the fire was the result of arson. The court concluded that although the fire was of incendiary origin, Automotive Casualty failed its burden to prove Ms. Brinston guilty of arson and awarded her $5,091.73 in property damage, $4,000.00 attorney's fees and penalties of $509.17 under La. R.S. 22:658 and $7,500.00 under La. R.S. 22:1220.
*815 Automotive Casualty appeals contending the trial court erred in rejecting its defense of arson and in assessing statutory penalties.
Ms. Brinston testified that she purchased the truck in September, 1993, for the use of her boyfriend, Raymond Hatten. She could not drive the truck because she was incapable of operating its manual transmission. Ms. Brinston and Mr. Hatten ended their romantic involvement in December, 1993, at which time she demanded the return of the truck. When Mr. Hatten refused, Ms. Brinston enlisted police assistance by reporting the truck stolen. On the day of the fire, Ms. Brinston and her 8 year old daughter were living at her parents' house and were home alone. The truck was parked in the driveway. Ms. Brinston heard a loud noise, looked out of the window and saw that the truck was on fire. After she dialed 911, she and her daughter went to a neighbor's house. The fire department extinguished the blaze. Ms. Brinston denied any animosity in the breakup of her relationship with Mr. Hatten but expressed reservations about his possible involvement in the fire. She had no knowledge of any prior acts of vandalism or theft in the neighborhood.
Raymond Hatten's testimony on behalf of Automotive Casualty indicated that the truck was put in Ms. Brinston's name as a convenience for him because of his poor credit rating. He stated that he gave Ms. Brinston money to make the truck payments. He denied refusing to return the truck and complained that Ms. Brinston involved the police out of spite over their breakup and that her action could have jeopardized his probation stemming from criminal convictions in Florida. Finally, he denied setting the fire.
The legal principles of the defense of arson were enunciated in Sumrall v. Providence Washington Insurance Company, 221 La. 633, 60 So.2d 68 (1952):
Inasmuch as the defense is arson, the burden rested upon the insurer to establish, by convincing proof, that the fire was of incendiary origin and that plaintiff was responsible for it. It is well settled that the insurer need not prove its case against a plaintiff beyond a reasonable doubt; it suffices that the evidence preponderates in favor of the defense. Proof, of course, may be and invariably is entirely circumstantial. And, in these instances, a finding for defendant is warranted where the evidence is of such import that it will sustain no other reasonable hypothesis but that the claimant is responsible for the fire. Accordingly, the questions presented in matters of this sort are answered by the particular facts of the controversy. (citations omitted).
Subsequent jurisprudence has further refined the foregoing principles by noting that proof of motive (financial distress) for arson plus the incendiary origin of the fire is sufficient to sustain the defense of arson; however, the inference of arson resulting from circumstantial evidence must be weighed in connection with a plaintiff's denial of wrongdoing. Sumrall, 60 So.2d at 70.
Whether an insurer has adequately proved an arson defense is a factual determination. Miley v. U.S. Fidelity and Guar. Co., 94-1204 (La.App. 1 Cir. 4/7/95), 659 So.2d 792, writ denied, 95-1101 (La.6/16/95), 660 So.2d 436. Factual determinations of the district court are entitled to great weight, and a court of appeal may not overturn those findings unless its review of the record convinces the appellate court that the determinations are clearly wrong. Stobart v. State through DOTD, 617 So.2d 880 (La.1993).
Automotive Casualty argues that Ms. Brinston's motive (the financial responsibility to pay for a vehicle she could not drive) coupled with the opportunity to set the fire (her parents "conveniently" left the house just prior to the incident) excludes every other reasonable hypothesis than that Ms. Brinston is guilty of arson.
The record does not support Automotive Casualty's assertions. There was no evidence that Ms. Brinston was in financial distress. The deposition testimony of Brian Comeaux, Automotive Casualty's adjuster, indicated that Ms. Brinston was not in arrears on her financial obligations and, in fact, she was current on the truck payments at the time of trial, almost two years after the fire. Moreover, since the vehicle was not totally destroyed but merely damaged by the fire, *816 she would have received the costs for repair. Contrary to Automotive Casualty's assertions, Ms. Brinston's obligation for the purchase price would not have been extinguished. Further, a canvass of neighborhood residents by Automotive Casualty investigators produced no evidence linking Ms. Brinston to arson. Other than Mr. Comeaux's conclusion that Ms. Brinston "may have been involved" in setting the fire, the evidence does not support Automotive Casualty's refusal to honor Ms. Brinston's claim. We find no error in the trial court's conclusion that Ms. Brinston was not guilty of arson.
Turning to the question of damages, Automotive Casualty asserts that the trial judge erred in awarding penalties and attorney's fees under both La. R.S. 22:658 and 22:1220.[1]
In order to prevail under La. R.S. 22:658,[2] the claimant must establish that the insurer received satisfactory proof of loss, failed to pay the claim within 30 days of proof of loss, and that its failure to pay the claim was arbitrary, capricious, or without probable cause. In answers to requests for admission, Automotive Casualty conceded both receipt of proof of loss and its failure to pay. In finding that the denial of Ms. Brinston's claim was arbitrary and capricious, the court noted in reasons for judgment that:
[Automotive Casualty] did not interview the person in the house with the plaintiff at the time of the fire. They never talked to anyone at the fire department who investigated the fire. They didn't investigate any prior criminal activity on the part of Ms. Brinston. It appears to the Court that someone believed that Ms. Brinston caused the fire, but after finding no facts to substantiate the belief, they still refused to pay the claim.
The determination that an insurer's handling of a claim is arbitrary and capricious is a factual finding which may not be disturbed unless manifestly erroneous. Marcel v. Allstate Insurance Co., 536 So.2d 632 (La.App. 1st Cir.1988), writ denied, 539 So.2d 631 (La.1989). Our review of the record in this matter discloses no manifest error in the lower court's determination that Automotive Casualty's handling of Ms. Brinston's claim was arbitrary and capricious and therefore warranted the assessment of penalties and attorney's fees under La. R.S. 22:658. However, we note an error of law regarding the award of penalties. La. R.S. 22:658 provides for penalties equal to ten percent of the amount due under the policy, or one thousand dollars, "whichever is greater." The plaintiff was due $5,091.73 from the defendant under her policy. The trial court awarded her penalties equal to ten percent of that amount, or $509.17. The plaintiff is entitled to penalties in the amount of $1,000.00. We amend the judgment accordingly.
As for damages pursuant to La. R.S. 22:1220,[3] the statute imposes upon an insurer *817 a duty of good faith and fair dealing toward its insured, including the duty to adjust claims fairly and promptly. The insured is entitled to recover any general and special damages occasioned by the insurer's breach of these duties, enumerated in La. R.S. 22:1220(B). In addition to recovering general and special damages, the insured may recover penalties under La. R.S. 22:1220(C).
There is a difference of opinion between at least two circuit courts of appeal in this state as to whether a claimant must first prove general or special damages before being entitled to penalties under La. R.S. 22:1220(C). In Champagne v. Hartford Cas. Ins. Group, 607 So.2d 752 (La.App. 1 Cir.1992), the court held that "unlike the penalty provision of La. R.S. 22:658, the penalty provision of La. R.S. 22:1220(C) is applicable only after a showing of damages actually suffered as a result of the breach [of one or more of the duties enumerated in La. R.S. 22:1220(B)]." 607 So.2d at 758. The First Circuit has consistently followed this rulethat the claimant must prove damages before being entitled to penalties under La. R.S. 22:1220(C).
In Midland Risk Ins. v. State Farm Auto Ins. Co., 93-1611 (La.App. 3 Cir. 9/21/94), 643 So.2d 242, the court held that if an insurer commits any one or more of the acts enumerated in Section 1220(B), penalties could be imposed without a showing of damages. The court stated:
Penalties are imposed to discourage certain types of conduct by an insurer. The language in Section 1220(C) does not expressly require that a claimant suffer damages before recovering penalties. Moreover, if this requirement was so, the statute's purpose more often would be thwarted. Claimants may decide not to file claims against insurers if the disputed amount or the damages are not substantial. As an end result, the misconduct which the legislature obviously intended to curb or deter would thrive.
93-1611 at p. 4, 643 So.2d at 244.
The Third Circuit has, with one exception, consistently followed this rulethat no showing of damages is necessary for an award of penalties.[4]
This circuit has not taken a position on this issue. However, we are in accord with the holding of the Third Circuit in Midland, supra. If the claimant proves the insurer breached one of the duties imposed by La. R.S. 22:1220, she is entitled to penalties regardless of whether she also proves actual damages resulting from that breach.
In the instant case, the trial court found that the defendant failed to pay the plaintiff's claim and that such denial was arbitrary and capricious. Implicit in that finding was the conclusion that the defendant failed to pay the claim within sixty days after the plaintiff had furnished the defendant satisfactory proof of loss. The record supports this conclusion. This was a breach of one of the enumerated duties imposed on the insurer by La. R.S. 22:1220(B). The trial court also found that the plaintiff suffered no damages as a result of the defendant's breach of its statutory duty. The court awarded the plaintiff penalties under La. R.S. 22:1220(C) in the amount of $7,500.00. The statute provides for penalties "in an amount not to exceed two times the damages sustained or five thousand dollars, whichever, is greater." $5,000.00 is the maximum amount of penalties which can be awarded absent proof of damages as a result of the breach itself. Hall v. State Farm Automobile Insurance Company, 94-867 (La.App. 3rd Cir. 5/31/95), 658 So.2d 204. We amend the judgment of the trial court accordingly.
*818 For the foregoing reasons, we amend the judgment of the trial court to increase the amount of penalties awarded to the plaintiff under La. R.S. 22:658 from $509.17 to $1,000.00, and reduce the amount of penalties awarded under La. R.S. 22:1220 from $7,500.00 to $5,000.00, for a total award of damages, attorney's fees and penalties in the amount of $15,091.73. We affirm the judgment as amended and in all other respects.
AMENDED; AFFIRMED AS AMENDED.
LANDRIEU, J., dissents in part.
LANDRIEU, Judge, dissenting in part.
Given that the fire was the result of arson, that the plaintiff had purchased the truck on behalf of her subsequently-estranged boyfriend, that the plaintiff could not drive the truck because it had a manual transmission, and that the truck was set afire in the driveway of the home where the plaintiff was residing and was present at the time, the insurer's refusal to honor the plaintiff's claim for coverage was not arbitrary, capricious, or without probable cause under either La.Rev. Stat. 22:658 or La.Rev.Stat. 22:1220. That the insurer was unable to prove its defense of arson at trial does not change the fact that its initial rejection of the claim was reasonable on its face. Accordingly, I dissent from the affirmance of the district court's award of attorney's fees and penalties.
NOTES
[1] La. R.S. 22:658 B is a penalty provision in the Insurance Code under Part XIV, entitled "The Insurance Contract." La. R.S. 22:1220 C is a penalty provision under Part XXVI entitled "Unfair Trade Practices."
[2] La. R.S. 22:658 provides in pertinent part:

A. (1) All insurers issuing any type of contract,... shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor, ... when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of ten percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, ... together with all reasonable attorney fees for the prosecution and collection of such loss ...
[3] La. R.S. 22:1220 provides in part:

A. An insurer ... owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damage sustained as a result of the breach.
. . . . . .
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
. . . . . .
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater....
[4] In Myers v. Broussard, 96-1634 (La.App. 3 Cir. 5/21/97), 696 So.2d 88, the court cited a First Circuit decision, Khaled v. Windham, 94-2171 (La.App. 1 Cir. 6/23/95), 657 So.2d 672, writ dismissed, 95-1914 (La.11/1/95), 661 So.2d 1369, for the proposition that the insured must prove damages for an insurer to be liable for penalties under La. R.S. 22:1220. This case is an unexplained anomaly insofar as the Third Circuit's position on this issue.