818 So.2d 1053 (2002)
Mary Ann STERLING
v.
U.S. AGENCIES CASUALTY COMPANY, INC.
No. 2001-CA-2360.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 2002.
*1054 John D. Sileo, Gerald J. Calogero, Allan Berger & Associates, P.L.C., New Orleans, LA, for Plaintiff/Appellee.
Michael H. Hogg, Jill R. Green, Hogg & Green, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge STEVEN R. PLOTKIN, Judge JAMES F. McKAY, III, Judge TERRI F. LOVE).
McKAY, Judge.
The defendant, U.S. Agencies Casualty Insurance Company, Inc. (U.S. Agencies), appeals the trial court's finding that it failed to honor a settlement agreement with the plaintiff, Mary Ann Sterling, and the trial court's awarding of double damages and attorneys' fees to the plaintiff. We affirm.

FACTS AND PROCEDURAL HISTORY
On April 16, 1999, the plaintiff's 1995 Nissan Altima was stolen.[1] The following day she reported the theft of the vehicle to her insurance company, U.S. Agencies. Thereupon, U.S. Agencies forwarded to Ms. Sterling a theft packet, which contained a cover letter, a vehicle checklist, an affidavit of theft, and a consent agreement. Ms. Sterling executed the enclosed documents and returned them to U.S. Agencies *1055 on April 27, 1999. Upon receiving this documentation, U.S. Agencies' adjuster, Caroline Imeri, determined the actual cash value (ACV) of the stolen vehicle. On May 12, 1999, Ms. Imeri notified Ms. Sterling by telephone that the ACV of her stolen vehicle was $11,950.00. Ms. Imeri then offered Ms. Sterling $11,450.00 ($11,950.00 less a $500.00 deductible) in settlement of her claim; Ms. Sterling accepted this offer of settlement. On that same day, Ms. Imeri reduced the agreement to writing in the form of a proof of loss/salvage document, which she forwarded to Ms. Sterling. However, this document was mailed to the wrong address and there was approximately a two-week delay before Ms. Sterling received the document. On June 2, 1999, Ms. Sterling executed and returned the document to U.S. Agencies. The document stated: "In consideration of $11,450.00 (ELEVEN THOUSAND FOUR HUNDRED AND FIFTY DOLLARS AND 00/100) paid, the undersigned grants, bargains, sell, and assigns an interest in and to the above described automobile as found in the above Proof of Loss Section to: USAgenies Casualty Insurance Company, Inc." In the meantime, the New Orleans Police Department (NOPD) recovered the stolen vehicle on May 29, 1999.
After learning that the vehicle had been recovered, U.S. Agencies decided not to tender $11,450.00 to Ms. Sterling in settlement of her claim. On June 9, 1999, U.S. Agencies sent an adjuster to the impound lot to perform an appraisal. The adjuster determined that the vehicle sustained damages of $843.24. Thereupon, U.S. Agencies issued a check for $343.24 ($843.24 in damages less the $500.00 deductible) made payable to Ms. Sterling and Hibernia National Bank, the lienholder on the vehicle. Shortly thereafter, Hibernia notified U.S. Agencies that Ms. Sterling was several months behind in payment of her car note. U.S. Agencies then stopped payment on the first check and issued a new check in the amount of $343.24 made payable to Hibernia.
Ms. Sterling filed suit against U.S. Agencies for failing to honor the settlement agreement contained in the salvage document. The case went to trial on June 13, 2001. The trial court ruled in favor of the plaintiff, finding that U.S. Agencies was arbitrary and capricious, and awarded the plaintiff $25,000.00, less the plaintiff's $500.00 deductible, plus interest from the date of judicial demand until paid and court costs. The defendant appeals this judgment.

DISCUSSION
On appeal, the defendant raises the following assignments of error: 1) the trial court erred in its interpretation of the contract of insurance when it determined that the parties reached a settlement for the total value of the recovered vehicle rather than for the actual damages to the vehicle; 2) the trial court erred in finding the defendant/appellant arbitrary and capricious; 3) the trial court erred in imposing penalties on the defendant/appellant without setting forth the statute under which said penalties were imposed; and 4) if in fact the defendant/appellant was arbitrary and capricious and the trial court justifiably imposed penalties, the trial court erred in basing its calculation of the penalties on the total value of the vehicle, $11,950.00, less the $500.00 deductible and not on the actual cost of repairs to the recovered vehicle, $843.24, less the deductible of $500.00.
The first issue that this Court must address is whether the proof of loss/salvage document executed by Ms. Sterling was sufficient to constitute a legally binding and enforceable settlement agreement. This Court has held that a compromise is valid if there is a meeting of *1056 the minds of the parties as to exactly what they intended when the compromise was reached. Pat O'Brien's Bar, Inc. v. Franco's Cocktail Prods., Inc., 615 So.2d 429 (La.App. 4 Cir.1993). The only formal essential for a compromise is a writing. Audubon Ins. Co. v. Farr, 453 So.2d 232, 234 (La.1984). There is no sacrosanct form which must be followed. Walk Haydel & Associates, Inc. v. Coastal Power Production Co., 98-0193 (La.App. 4 Cir. 9/30/98), 720 So.2d 372. In the instant case, Ms. Imeri contacted Ms. Sterling by telephone and offered her $11,450.00 in settlement of her claim. Ms. Imeri then reduced the agreement to writing in the form of a proof of loss/salvage document, which she forwarded to Ms. Sterling. Ms. Sterling signed this document and had it notarized. Therefore, it appears that on its face the proof of loss/salvage document executed by Ms. Sterling is a binding settlement agreement. However, after this amount was agreed to it was never forwarded to Ms. Sterling. The fact that the NOPD recovered the stolen vehicle does not vitiate the settlement agreement entered into between U.S. Agencies and Ms. Sterling.[2] U.S. Agencies made an offer of settlement, which Ms. Sterling accepted by the proper form. There would be no controversy if U.S. Agencies had sent the salvage document to Ms. Sterling's correct address to begin with and Ms. Sterling had already cashed the check for $11,450.00 before the vehicle was recovered. Accordingly, there should be no controversy here. By the terms of the salvage document, Ms. Sterling "[sold] and assign[ed]" her interest in the vehicle to U.S. Agencies.
La. R.S. 22:1220 provides that an insurer breaches its duty of good faith and fair dealing by "[f]ailing to pay a settlement within thirty days after an agreement is reduced to writing." The determination that an insurer's handling of a claim is arbitrary and capricious is a factual finding which may not be disturbed unless it is manifestly erroneous. Brinston v. Automotive Cas. Ins. Co., 96-1982 (La.App. 4 Cir. 12/3/97), 703 So.2d 813, 816. In the instant case, the evidence submitted at trial indicates that on May 12, 1999, U.S. Agencies reduced to writing the agreement to provide benefits in the amount of $11,450.00 to Ms. Sterling. On June 2, 1999, Ms. Sterling accepted this agreement when she signed the document, which she had notarized, and returned it to U.S. Agencies. Then after learning that the stolen car had been recovered by the NOPD, U.S. Agencies unilaterally decided not to honor this agreement and withheld payment of the insurance benefits to Ms. Sterling. As stated above, the fact that the vehicle has been recovered in no way vitiates the agreement between U.S. Agencies and Ms. Sterling. The First Circuit has recognized that a written offer signed by the acceptor would be legally enforceable under La. R.S. 22:1220(B)2. Brasseaux v. Allstate Ins. Co., 97-0526 (La. App. 1 Cir. 4/9/98), 710 So.2d 826, 829. Therefore, we find nothing manifestly erroneous in the trial court's finding that U.S. Agencies was arbitrary and capricious in its failure to provide insurance benefits to Ms. Sterling within thirty days after the agreement had been reduced to writing.
The defendant contends that the trial court erred in imposing penalties on the defendant/appellant without setting forth the statute under which said penalties were imposed. This assignment of error is without merit. It is obvious to this Court that the trial court imposed *1057 penalties pursuant to La. R.S. 22:1220. La. R.S. 22:1220(C) states: "In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." Furthermore, an aggrieved insured is entitled to attorneys' fees under La. R.S. 22:658. See Calogero v. Safeway Ins. Co. of Louisiana, 99-1625 (La.1/12/2000), 753 So.2d 170. It is evident to this Court that the trial court reached the figure of $25,000.00 by doubling the amount of damages less the $500.00 deductible ($11,450.00) and awarding attorney's fees of $2,100.00. In order to prevail on a claim for penalties and attorney's fees under La. R.S. 22:1220, the claimant must first establish that the insurer received satisfactory proof of loss, failed to pay the claim within the applicable statutory period, and that the failure to timely tender a reasonable amount was arbitrary and capricious. Khaled v. Windham, 657 So.2d 672, 679 (La.App. 1 Cir. 1995). In the instant case, the plaintiff established that the insurer received satisfactory proof of loss, failed to pay the claim within thirty days, and as stated above such failure was arbitrary and capricious. Furthermore, the insurer had agreed on a settlement with the insured and then backed out of the agreement.
Finally, the defendant contends that the trial court erred in basing its calculation of penalties on the ACV of the stolen vehicle rather than on the cost of repair to the recovered vehicle. This assignment of error is without merit. As stated above, we find no error in the trial court's finding that the parties had agreed to settle for $11,450.00. Accordingly, any penalties must be based on that amount.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Hibernia National Bank held a lien on this vehicle.
[2] At trial, Ms. Imeri admitted that in her conversation with Ms. Sterling on May 12, 1999, that she did not advise Ms. Sterling that if the vehicle was recovered it would change this agreement.