837 So.2d 134 (2002)
The SULTANA CORPORATION d/b/a Hannon Jewelers
v.
JEWELERS MUTUAL INSURANCE COMPANY.
No. 2001 CA 2059.
Court of Appeal of Louisiana, First Circuit.
December 31, 2002.
Writ Granted April 25, 2003.
*135 Leonard Cardenas, III, Baton Rouge, for Appellant Plaintiff The Sultana Corporation d/b/a Hannon Jewelers.
Amos Davis, Baton Rouge, for Appellee Defendant Jewelers Mutual Ins. Co.
Before: FOIL, FOGG and KLINE[*], JJ.
FOIL, J.
In this appeal, an insured challenges the trial court's dismissal of a claim for statutory penalties against its insurer under La. R.S. 22:1220. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND
The Sultana Corporation sued its insurer, Jewelers Mutual Insurance Company, for denial of coverage under the applicable insurance policy. The trial court conducted a trial and rendered judgment in open court in favor of Sultana for $14,426.00, plus legal interest and court costs. Thereafter, on February 1, 2001 (before the trial court signed a written judgment), Jewelers' counsel faxed a letter to Sultana's counsel, indicating Jewelers' decision to pay the award and requesting that Sultana's counsel date, sign, and return the letter. Sultana's counsel wrote "Agreed & Accepted" at the bottom of the letter, and signed and returned it to Jewelers' counsel by return fax on the same day. Later, Sultana filed a "Motion to Enforce Settlement and For Statutory Penalties, Attorney's Fees and Costs ...," contending Jewelers failed to timely pay the amount owed within 30 days of the date of the February 1, 2001 "settlement." Although Jewelers subsequently paid the amount owed, Sultana pursued its motion seeking statutory penalties.
The trial court conducted a hearing on the motion, and thereafter signed a judgment denying it. In reasons for judgment, the trial court indicated Sultana failed to prove it sustained actual damages because of Jewelers' untimely payment of the settlement, and, therefore, was not entitled to a penalty award. Sultana appeals.

DISCUSSION
Regarding penalties against an insurer for failure to timely fund a settlement, La. R.S. 22:1220 provides:
A. An insurer ... owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured .... Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
. . . .
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
. . . .
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.
In its first assignment of error, Sultana contends the trial court erred in requiring proof of actual damages in support *136 of Sultana's penalty claim against Jewelers. Although other appellate courts of this state have decided differently,[1] this court has consistently held that for an insurer to be liable for damages under La. R.S. 22:1220, the insured must prove he sustained actual general or special damages as a result of the insurer's breach. Reed v. Recard, 97-2250 (La.App. 1 Cir. 11/18/98), 744 So.2d 13, 19, writ denied, 98-3070 (La.2/12/99), 738 So.2d 572; Batson v. South Louisiana Medical Center, 97-1382 (La.App. 1 Cir. 9/25/98), 724 So.2d 782, 789, writ granted in part, jmt. amended on other grounds, 98-2709 (La.1/8/99), 734 So.2d 649; Carter v. Davis, 95-2198 (La.App. 1 Cir. 5/10/96), 673 So.2d 362, 364, writ denied, 96-1449 (La.6/27/97), 696 So.2d 991. Therefore, the trial court did not err in requiring Sultana to prove actual damages. Sultana's argument to the contrary is without merit.
Alternatively, Sultana argues it did make an adequate showing of damages in the form of the affidavit of Mr. Bayardo Hannon, owner of Sultana. In the affidavit, Mr. Hannon stated that Jewelers' failure to timely pay the settlement required Sultana to use out-of-pocket cash (rather than the settlement proceeds) to pay for lighting, display cases, and other items needed for the construction of its new store. Having to use out-of-pocket cash delayed the move-in date into the new store, which in turn caused the accrual of additional interest on the construction loan, and that this interest would have to be paid by Sultana.
A plaintiff has the burden to prove the damage he claims with legal certainty. Tudor Chateau Creole Apartments Partnership v. D.A. Exterminating Company, Inc., 96-0951 (La.App. 1 Cir. 2/14/97), 691 So.2d 1259, 1264. Mr. Hannon's complaints regarding Sultana's use of out-of-pocket cash, the delay in moving into a new store, and the accrual of additional interest on a construction loan are not certain enough to establish what damage, if any, Sultana suffered. The only loss that can be discerned from Mr. Hannon's affidavit is the payment of additional interest on a loan which allegedly would not have been owed had Jewelers timely paid the settlement. However, Mr. Hannon does not indicate the amount of additional interest, and in fact, does not even indicate that Sultana had to pay the additional amount; rather, according to Mr. Hannon, the additional amount would have to be paid by Sultana in the future. Thus, the trial court's factual determination that Mr. Hannon's affidavit was insufficient to establish actual damages was not manifestly erroneous. See Batson, 724 So.2d at 789.[2]
For the foregoing reasons, the trial court's judgment, dismissing Sultana's claim for statutory penalties against Jewelers, is affirmed. Costs of this appeal are assessed to Sultana.
AFFIRMED.
WILLIAM F. KINE, Judge Pro Tem., concurs with reasons.
FOGG, J., dissents and assigns reasons.
WILLIAM F. KLINE, Judge Pro Tem., Concurring.
I can concur with the majority opinion relative to the insufficiency of the proof of *137 damages. However, any delay in payment of funds due by a date certain, causes some damage, which is susceptible of proof. The amount of those damages may be relatively inconsequential in some cases, but any amount must be appropriately proven beyond speculation.
Even if one might conclude that some damages were proven, the trial court in evaluating the duty of good faith and fair dealing then has the discretion of whether to assess statutory penalties.
The award of penalties is not appropriate in this case.
FOGG, J., Dissenting.
For the following reasons, I respectfully dissent. The majority concludes that the plaintiff failed to prove it was damaged by the defendant's actions with the level of specificity required by the jurisprudence of this circuit. I disagree. The method of proving damages does not differ depending on the cause of action asserted. Herein, the plaintiff asserted that, due to the delay in payment of the settlement, it was required to use other funds for some aspects of the construction of its new store. Consistent with several other circuits, I would find that, by these assertions, the plaintiff has met its burden of proof. See Gilpin v. State Farm Mut. Auto. Ins. Co., 99-36 (La.App. 5 Cir. 5/19/99), 735 So.2d 921; Haas v. Audubon Indem. Co., 98-565 (La. App. 3 Cir 10/21/98), 722 So.2d 1022; Brinston v. Auto. Cas. Ins. Co. (La.App. 4 Cir. 12/3/97), 703 So.2d 813; and see Matter of Hannover Corp. of Am., C.A.5 (La.1995), 67 F.3d 70. Therefore, I would award the statutory penalty in the sum of $5,000.00.
NOTES
[*] Judge WILLIAM F. KLINE, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.
[1] See Rogers v. Commercial Union Insurance Company, 01-443 (La.App. 3 Cir. 10/3/01), 796 So.2d 862, 868-869; Gilpin v. State Farm Mutual Automobile Insurance Company, 99-36 (La.App. 5 Cir. 5/19/99), 735 So.2d 921, 929; and Brinston v. Automotive Casualty Insurance Company, 96-1982 (La.App. 4 Cir. 12/3/97), 703 So.2d 813, 817.
[2] Because we decide this appeal based on an inadequate showing of damages, we need not address the issue of whether Jewelers' untimely payment was knowing and intentional.