MURRAY, J.,
Concurs in Part and Dissents in Part with Reasons.
|,I concur in the majority’s affirmation of the trial court’s award of damages under the insurance policy for property loss and business income loss. I also concur in the majority’s reduction of the amount of costs awarded by the trial court. However, for the reasons that follow, I dissent from the majority’s affirmation of the trial court’s award of statutory penalties in the amount of $1,436,303.57.
I find no manifest error in the jury’s determination that Lafayette acted arbitrarily, capriciously or without probable cause in failing to pay the amount due under the insurance policy within sixty days of its receipt of satisfactory proof of loss. However, because Buffman did not seek to prove that any damages were |2sustained as a result of this breach of duty by Lafayette, I believe that La. R.S. 22:1220 does not authorize the imposition of a penalty greater than $5,000.00.
The pertinent language in Section C of the statute is: “In addition to any general or special damages to which a claimant may be entitled for breach of the imposed duty, the claimant may he awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater .... ” (Emphasis supplied). In my view, a plain reading of the above-cited provision indicates that the trial court may, in its discretion, assess against the insurer a penalty based upon a percentage of the damages sustained by the insurer’s breach, up to two hundred percent (two times those damages), or, in a case in which such damages are either nonexistent or slight (such that two times their amount would be less than $5,000.00), the trial court may assess any amount that does not exceed $5,000.00.
In the instant case, although it is undisputed that Buffman failed to prove it sustained any general or special damages as a result of Lafayette’s breach, the trial court awarded pursuant to La. R.S. 22:1220 a penalty of one hundred thirty percent (130%) of the contractual damages, i.e., the amount found to be due under the insurance policy. Lafayette asserts that under the express terms of the statute, when there have been no damages sustained as a result of the insurer’s breach, there is no basis upon which to assess a penalty greater than $5,000.00. While acknowledging the existence of a considerable body of non-binding jurisprudence supporting Lafayette’s assertion, the majority concludes that this issue is “an open question.” After performing its own analysis of caselaw, the majority then decides that the penalty assessed by the trial court in the instant case is permitted by the statute.
I agree with the majority that the Louisiana Supreme Court has not specifically addressed the issue presented herein, and that there is no binding |sauthority to which we must acquiesce in resolving this purely legal question. Nevertheless, the appropriate starting point for resolving any question of statutory interpretation is the language of the statute itself. In re Louisiana Health Service and Indemnity Co., 98-3034, p. 10 (La.10/19/99), 749 So.2d 610, 615; La. Civ.Code art. 9. Considering that language, I cannot agree that the penalty award made by the trial court in the instant case is sanctioned by La. R.S. 22:1220.
R.S. 22:1220 provides for the mandatory assessment against the insurer of any “damages sustained as a result of the breach,” as well as the discretionary assessment of penalties “in an amount not to *1033 exceed two times the damages sustained or five thousand dollars, whichever is greater.” See Calogero v. Safeway Ins. Co. of Louisiana, 99-1625, pp. 6-7 (La.1/19/00), 753 So.2d 170, 174; Sultana Corp. v. Jewelers Mut. Ins. Co., 03-0360, pp. 5-6 (La.12/3/03), 860 So.2d 1112, 1117; Kozina v. Zeagler, 94-413, p. 7 (La.App. 5 Cir. 11/29/94), 646 So.2d 1217, 1221; Ibrahim v. Hawkins, 02-0350, p. 6 (La.App. 1 Cir. 2/14/03), 845 so.2d 471, 477-78. The amount of penalties that can be awarded under this statute is based upon the damages sustained by the breach, not the damages claimed or awarded; therefore, if there are no damages proven as a result of the insurer’s breach of its duties, the maximum penalty that the trial court can award under R.S. 22:1220 is $5,000.00. Brinson v. Automotive Cas. Ins. Co., 96-1982, p. 7 (La.App. 4 Cir. 12/3/97), 703 So.2d 813, 817[1]; Hollier v. State Farm Mut. Auto. Ins. Co., 01-0592, pp. 5-6 (La.App. 3 Cir. 10/31/01), 799 So.2d 793, 797; Hall v. State Farm Mut. Auto. Ins. Co., 94-867, pp. 7-8 (La.App. 3 Cir. 5/31/95), 658 So.2d 204, 206.
Relying primarily on Sultana Corp. v. Jewelers Mut. Ins. Co., 03-0360 (La.12/3/03), 860 So.2d 1112, the majority holds that in the absence of any damages Rcaused by the insurer’s breach, the trial court may assess a penalty under La. R.S. 22:1220 in an amount up to two times the contractual damages sustained by the insured. However, an analysis of the Sultana decision shows that it does not support the majority’s holding.
In Sultana, the insured (“Sultana”) and the insurer reached a written settlement of the claim on February 1, 2001.[2] Approximately 40 days later, when the insurer still had not paid the settlement, Sultana demanded payment and filed a motion for penalties under La. R.S. 22:1220. Claiming that its failure to pay had been a clerical error, the insurer issued Sultana a check for the settlement amount within a few days of Sultana’s demand. Subsequently, after hearing Sultana’s motion, the trial court ruled that Sultana was not entitled to penalties because Sultana had not proved that it had sustained any damages as a result of the insurer’s delay in paying the settlement.[3] On appeal, the Third Circuit, relying on its own prior decisions, ruled that the trial court did not err by requiring Sultana to prove such damages as a prerequisite to the court’s consideration of whether to assess any penalties. The Supreme Court granted writs to reconcile a split among various appellate courts “on the narrow issue of whether actual damages must be proven before penalties may be assessed” under La. R.S. 22:1220. 03-0360, p. 3, 860 So.2d at 1115. Ultimately, the Supreme Court reversed the Third Circuit and held that *1034 the absence of proof of actual damages does not preclude the trial court from assessing discretionary penalties under Section C of the statute. The Court then remanded the matter to the trial court “for consideration of the award of penalties in accordance with the views expressed in this opinion.” Id., p. 10, 860 So.2d at 1119.
| ^Sultana clearly does not stand for the proposition that the phrase “general or special damages to which a claimant is entitled for breach of the imposed duty” in Section C means the insured’s contractual damages. Indeed, the damages referred to by the Court in Sultana have to be separate and distinct from the insured’s contractual damages because in Sultana, the insurer’s payment of the settlement had eliminated any claim for contractual damages. Therefore, the Sultana case does not support the majority’s view that Section C penalties may be based upon contractual damages or the total damages awarded as opposed to the damages caused by the insurer’s breach of its duties under the statute. Moreover, the failure of the Sultana Court to include in its remand any restriction on the amount of penalties the trial court could assess does not, as the majority suggests, mean that the statute does not impose any such limitations. Indeed, because under the statute, making any award of penalties is discretionary, as the Sultana Court confirmed, its remand was simply necessary to enable the trial court to exercise its discretion.
Besides Sultana, the majority also relies upon two of this court’s prior decisions, Neal Auction Co. v. Lafayette Ins. Co., 08-0574 (La. App 4 Cir. 4/29/09), 13 So.3d 1135; and Sterling v. U.S. Agencies Cas. Co., Inc., 01-2360 (La.App. 4 Cir. 5/15/02), 818 So.2d 1053. I find this reliance to be misplaced.
In Neal Audio'll, which concerned a business interruption policy issued by Lafayette, the jury had found, pursuant to a special verdict form, that the plaintiff had sustained $253,699 in business income loss (contractual damages), as well as $500,000 in damages as a result of Lafayette’s breach of an insurer’s duties of good faith and fair dealing under La. R.S. 22:1220.[4] On appeal, this court affirmed the business income loss award but reduced the award of damages sustained by the breach of the statute to $412, 312. Then, without addressing the issue of whether 16the “damages” referred to in La. R.S. 22:1220 C are the contractual damages, the damages sustained as a result of the breach, or the total damages, this court awarded penalties equal to two times the total damages of $666,011. I concurred in the award of business income loss, but dissented on the basis that there was no evidence to show that the plaintiff had sustained any damages as a result of the breach of the statute and therefore was entitled to no more than $5,000 in penalties under La. R.S. 22:1220 C. I also noted that the awarding of penalties in the amount of two times the total damages was not authorized by 22:1220 C. Neal Auction, 13 So.3d at pp. 1147-1153 (Murray, J., concurring in part and dissenting in part). Nevertheless, because the issue was not specifically addressed, I do not believe Neal Auction stands for the proposition that the term “damages” in La. R.S. 22:1220 C means the total damages awarded, including contractual damages.
Sterling v. U.S. Agencies, the other Fourth Circuit case relied upon by the *1035 majority, involved the theft of an automobile and an automobile liability policy. The plaintiff/ vehicle owner and his insurer had settled upon the amount of $11,450 as the value of the vehicle, which amount the insurer had failed to pay within thirty days of the signing of the written settlement agreement (a violation of La. R.S. 22:1220 B(2)). Because the vehicle had been found, albeit damaged, by the police within that thirty-day period, the insurer argued that it owed the insured a lesser amount to cover the damage to the vehicle. The trial court found the insurer was “arbitrary and capricious” and awarded the plaintiff $25,000, less the plaintiffs $500 deductible. One of the issues on appeal was whether the trial court was justified in awarding penalties without specifying which statute the penalties were awarded under. Another issue was whether the amount of the penalties should have been based upon the amount of the settlement or the cost of repairing the vehicle, which was $843.24. Sterling, 01-2360, p. 3, 818 So.2d at 1053. This court affirmed the award of $25,000.00, finding that the evidence supported a ^penalty award of double the amount of the settlement less the $500 deductible (or $22, 900) pursuant to La. R.S. 22:1220, plus $2100 in attorney fees pursuant to La. R.S. 22:658.[5] Id., 01-2360, p. 6, 818 So.2d at 1057.
Again, in the absence of any discussion of the particular issue, I do not believe Sterling provides authority for the majority’s conclusion that La. R.S. 22:1220 C authorizes the assessment of a penalty based upon a percentage of the contractual damages or the total damages as opposed to the damages sustained as a result of the breach of that statute.
While I do not agree that either Neal Auction or Sterling provides any authority for the interpretation of the statute adopted by the majority herein, I do agree that, considering the conflicting body of appellate jurisprudence and the lack of a Supreme Court case directly addressing this issue, it is jurisprudentially an “open question.” However, as long as it remains so, I believe the statute should be interpreted by looking first at the language of the statute itself. Considering that language, I cannot agree that La. R.S. 22:1220 C authorizes a penalty greater than $5,000 in the instant case.
Accordingly, for the reasons stated, I respectfully dissent from the majority’s affirmation of the trial court’s penalty award. I would vacate the amount awarded and instead award penalties under La. R.S. 22:658 equal to twenty-five percent (25%) of the sum of the amounts found to be due under the insurance policy for property loss and business income loss. In all other respects, I concur in the result reached by the majority.

. I do not agree with the majority's assertion that Brinston v. Automotive Cas. Ins. Co. has been "abrogated” by the Supreme Court's decision in Calogero v. Safeway Ins. Co. of Louisiana, 99-1625 (La.1/19/00), 753 So.2d 170. The fact that the Court in Calogero held that penalties for the failure to pay an insurance claim timely could only be assessed under one of the two applicable statutes, La. R.S. 22:658 and 22:1220, rather than under both (as the court in Brinston had done), does not invalidate the Brinston court’s interpretation of how penalties are to be determined under either statute. Brinston was not overruled, or even mentioned, in Calogero.

. Section B of La. R.S. 22:1220 lists the certain acts which, if committed by an insurer, would constitute a breach of the insurer's duties under the statute. Included in those acts is "(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.”

. The trial court rejected an affidavit of Sultana’s owner stating he had to use out-of-pocket cash to fund new store construction as being insufficient to establish actual damages. 03-0360, p. 2, 860 So.2d 1115.

. Specifically, the jury found that Lafayette had misrepresented policy provisions (22:1220 B(l)) and had arbitrarily, capriciously or without probable cause failed to pay the amount of business income loss due under the policy within sixty days of having received satisfactory proof of loss (22:1220 B(5)).

. At the pertinent time, La. R.S. 22:658 B(4), relating only to property damage claims on personal vehicles, provided for a penalty of ten percent of "reasonable expenses incurred” plus reasonable attorney fees for the arbitrary and capricious failure to pay a claim within thirty days "after receipt of adequate written proof and demand therefor.”