753 So.2d 170 (2000)
Steven J. CALOGERO
v.
SAFEWAY INSURANCE COMPANY OF LOUISIANA and Jennifer Menard.
No. 99-C-1625.
Supreme Court of Louisiana.
January 19, 2000.
*171 Keith Michael Borne, Borne Wilkes & Brady, Lafayette, for Applicant.
David John Calogero, Lafayette, for Respondent.
VICTORY, J.[*]
Although we review other issues, we granted Safeway Insurance Company of Louisiana's ("Safeway") writ primarily to determine whether the Third Circuit erred in finding that, in addition to penalties incurred for its violation of La. R.S. 22:1220, subd. B(5), Safeway also misrepresented the provisions of its policy under La. R.S. 22:1220, subd. B(1) and was liable for a second penalty under La. R.S. 22:1220, subd. C. After reviewing the record and the applicable law, we reverse the court of appeal's holding that Safeway is liable for additional penalties under La. R.S. 22:1220, subd. C for misrepresenting the provisions of the insurance policy. On all other issues, we affirm.

FACTS AND PROCEDURAL HISTORY
On July 16, 1997, Sylvia Calogero, wife of plaintiff Steven Calogero ("Calogero"), applied for a policy of automobile liability insurance with Safeway through an independent insurance broker, All American Insurance Agency of Shreveport. Upon learning that Sylvia had a 17-year-old unlicensed son, David Campos, living at their home, the insurance broker informed Sylvia that unless she paid a greatly increased premium, David would be excluded from coverage under the policy. Choosing the latter, Sylvia executed an "Exclusion of Named Driver"endorsement which provided as follows:
It is agreed that the Insurance afforded by this policy shall not apply with respect to loss, damage, or injury to person(s) or property caused by the excluded driver(s)

David Campos DOB 6-14-80 not licensed to drive
while operating the automobile(s) described in the policy or any other motor vehicle(s) to which the term and condition of the policy apply. It is understood that this exclusion also applies to all renewals of this policy. [Emphasis added.]
The policy was issued to Sylvia and Steven Calogero effective July 16, 1997. On August 25, 1997, Calogero added a new automobile to the policy, a 1993 Toyota pick-up truck.
On September 15, 1997, David was driving the pick-up truck with Sylvia as a passenger when their vehicle was struck by another vehicle. The pick-up truck was a total loss. David Campos was not at *172 fault in causing the accident. No coverage was available from the other vehicle's insurance because, coincidently, the driver of the other vehicle was an excluded driver under that policy. Calogero submitted a claim for property damages to Safeway for the full value of his vehicle, less any deductible, on September 17, 1997. On September 22, 1997, when Calogero called Safeway's adjuster to check on the status of the claim, the adjuster informed him that she believed that coverage would be denied because the pick-up truck was driven by an excluded driver, Campos, at the time of the accident. On September 24, 1997, Calogero's attorney wrote a formal demand letter to Safeway, expressing his view that Safeway had no basis to deny coverage to Calogero. On October 8, 1997, the adjuster sent a denial of coverage letter to Calogero's attorney, formally denying coverage based on the excluded driver endorsement.
On November 17, 1997, Calogero filed suit against Safeway for property damages under the policy, penalties and attorney fees. The issue of whether the "Exclusion of Named Driver" endorsement applied to preclude coverage was brought before the trial court by Motion for Partial Summary Judgment. Calogero argued that the applicability of the exclusion was limited to losses "caused by the excluded driver," and the trial court agreed, rendering judgment in favor of Calogero for $7,675, the full value of the truck. Safeway paid the judgment.
Thereafter, a trial was held on the remaining issue of penalties and attorney fees, with the trial court finding that Safeway was arbitrary and capricious in failing to pay Calogero's claim and awarding Calogero $5,000 in penalties and $490 in damages[1] under La. R.S. 22:1220. The trial court expressly rejected Calogero's assertion that Safeway misrepresented policy provisions. Although the trial court originally granted $2,000 in attorney fees and in the same judgment denied penalties and attorney fees under La. R.S. 22:658, in an amended judgment it deleted the $2,000 attorney fee award, apparently because La. R.S. 22:1220 does not provide for an award of attorney fees.
The court of appeal reversed the trial court's finding that Safeway did not misrepresent the policy provisions under La. R.S. 22:1220, subd. B(1) and awarded an additional penalty to Calogero in the amount of $5,000 under La. R.S. 22:1220(C). Calogero v. Safeway Ins. Co., 99-26 (La.App. 3 Cir. 5/5/99), 735 So.2d 816. The court of appeal also found that the penalty provision of La. R.S. 22:1220 supersedes the penalty provision of La. R.S. 22:658 because it provided the greater penalty. Id. (citing Wells v. Houston, 95-202 (La.App. 3 Cir. 6/7/95), 657 So.2d 474, writ denied, 95-1733 (La.10/13/95), 661 So.2d 500). In addition, for Safeway's failure to pay Calogero's claim, the court of appeal awarded attorney fees in the amount of $7,000 pursuant to La. R.S. 22:658, subd. B(1). Id. In all other respects, the trial court judgment was affirmed. Id. We granted Safeway's writ primarily to determine whether Calogero is entitled to a second penalty award under La. R.S. 22:1220, subd. C for misrepresenting the provisions of the policy, but will first address whether Safeway acted arbitrarily and capriciously in failing to pay Calogero's claim within 60 days and is thus liable for the penalties for violating La. R.S. 22:1220, subd. B(5) and attorney fees for violating La. R.S. 22:658. Calogero v. Safeway Ins. Co., 99-1625 (La.10/1/99), 747 So.2d 1132.
DISCUSSION
La. R.S. 22:1220 provides in pertinent part:

*173 A. An insurer, including but not limited to a foreign line and surplus insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
. . . .
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater....
The determination that an insurer's handling of a claim is arbitrary and capricious is a factual finding which may not be disturbed unless manifestly erroneous. Brinston v. Automotive Cas. Ins. Co., 96-1982 (La.App. 4 Cir. 12/3/97), 703 So.2d 813, 816; Marcel v. Allstate Ins. Co., 536 So.2d 632 (La.App. 1 Cir.1988), writ denied, 539 So.2d 631 (La.1989). We have described an insurer's actions as "arbitrary and capricious" when its willful refusal of a claim is not based on a good faith defense, Louisiana Maintenance Servs., Inc. v. Certain Underwriters at Lloyd's of London, 616 So.2d 1250, 1253 (La.1993), or is unreasonable or without probable cause, Darby v. Safeco Ins. Co., 545 So.2d 1022, 1029 (La.1989). However, where the insurer has legitimate doubts about coverage, the insurer has the right to litigate these questionable claims without being subjected to damages and penalties. Darby, supra. But, where an insurer is found to have acted arbitrarily, capriciously, or without probable cause, the insurer shall be liable for damages as a result of the breach, and may be liable for penalties not to exceed two times the damages or five thousand dollars, whichever is greater. La. R.S. 22:1220, subd. A and C. In this case, the trial court awarded damages in the amount of $490.00, the amount of interest Calogero had to pay on his car loan as a result of Safeway's delay in payment, and $5,000 in penalties.
Safeway claims that the trial court committed manifest error in finding that Safeway was arbitrary and capricious in failing to pay Calogero's claim after receipt of satisfactory proof of loss under La. R.S. 22:1220, subd. B(5). However, the language of the "Exclusion of Named Driver" endorsement on which Safeway relied in refusing to pay Calogero's claim clearly applies only to losses or damages caused by the named driver. It is well settled that if the words of an insurance policy are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the agreement must be enforced as written. La. C.C. art.2046; Peterson v. Schimek, 98-1712 (La.3/2/99), 729 So.2d 1024, 1028. Exclusionary provisions in insurance contracts are strictly construed against the insurer. Garcia v. St. Bernard Parish Sch. Bd., 576 So.2d 975, 976 (La.1991). Thus, having no evidence that David Campos caused the accident, Safeway had no reasonable basis to deny the claim. The trial court's finding that Safeway was arbitrary and capricious in failing to pay Calogero's claim and its award of $5,000 in penalties under La. R.S. 22:1220, subd. C was not manifestly erroneous.
*174 Safeway also argues that the court of appeal erred in granting attorney fees to Calogero under La. R.S. 22:658, subd. B(1). The pertinent provisions of La. R.S. 22:658 provide in part:
A. (1) All insurers issuing any type of contract, ..., shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
. . . .
B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor, as provided in R.S. 22:658(A)(1), ... when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of ten percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, together with all reasonable attorney fees for the prosecution and collection of such loss,....
We have previously recognized the close relationship between the conduct prohibited in La. R.S. 22:658, subd. A(1) and the conduct prohibited in La. R.S. 22:1220, subd. B(5). Theriot v. Midland Risk Ins. Co., 95-2895 (La.5/20/97), 694 So.2d 184, 192, n. 14. In fact, the conduct prohibited is virtually identical, i.e., failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary, capricious or without probable cause. The primary difference is that under La. R.S. 22:658, subd. A(1), the insurer must pay the claim within 30 days of receiving satisfactory proof of loss, rather than the longer 60-day period allowed under La. R.S. 22:1220, subd. B(5).
In this case, there is no question that Safeway failed to pay the claim within 30 days after receiving satisfactory proof of loss. Further, the trial judge made a factual finding that Safeway's failure to pay was arbitrary and capricious. Because he made this factual finding, the court of appeal was correct in awarding attorney fees under La. R.S. 22:658 because, unlike penalties under La. R.S. 22:1220, subd. C, penalties and attorney fees under La. R.S. 22:658, subd. B(1) are mandatory, rather than discretionary, where a breach of La. R.S. 22:658, subd. B(1) has occurred. McDill v. Utica Mut. Ins. Co., 475 So.2d 1085, 1092, n. 6 (La. 1985) (citing Hart v. Allstate Ins. Co., 437 So.2d 823 (La.1983)); Steadman v. Pearl Assurance Co., 242 La. 84, 134 So.2d 884, 888 (La.1961). This holding is not in conflict with the court of appeal's correct legal finding that where La. R.S. 22:1220 provides the greater penalty, La. R.S. 22:1220 supersedes La. R.S. 22:658 such that Calogero cannot recover penalties under both statutes. 735 So.2d at 820. However, because La. R.S. 22:1220 does not provide for attorney fees, Calogero is entitled to recover attorney fees under La. R.S. 22:658 for Safeway's arbitrary and capricious failure to pay his claim within 30 days of receiving satisfactory proof of loss.[2]
Finally, we reach the primary issue in this case, which is whether the court of appeal erred in reversing the trial court's factual finding that Safeway did not misrepresent policy provisions as prohibited by La. R.S. 22:1220, subd. B(1) and in awarding a second penalty under La. R.S. 22:1220, subd. C. The trial court held that "[p]laintiff's assertion that SAFEWAY misrepresented policy provisions is rejected." The court of appeal reversed, finding that Safeway "misrepresented the exclusion when it conveyed to Calogero that the policy did not provide coverage solely because Campos was operating the insured vehicle at the time of the accident." Calogero v. Safeway, 735 So.2d at 820.
*175 Safeway's statement to Calogero reflecting its position that the "Exclusion of Named Driver" endorsement operated to preclude coverage under the policy was not a "misrepresentation" of the policy's provisions under La. R.S. 22:1220, subd. B(1). It was merely Safeway's interpretation of the meaning of that exclusion. The exclusion relied on by Safeway was alone on a separate sheet of paper from the main policy, contained only one paragraph, and was not hidden, inconspicuous or cloaked in legal-ease. Safeway did not misquote the provision to Calogero or his attorney and they were well aware of the language of the provision. Safeway merely cited the provision to Calogero and later to Calogero's attorney and gave them Safeway's interpretation of that provision. Therefore, we hold that the trial court's finding that Safeway did not misrepresent the policy provisions was not manifestly erroneous and reinstate that ruling.[3]

CONCLUSION
The trial court's finding that Safeway was arbitrary and capricious in refusing to pay Calogero's claim was not manifestly erroneous in light of the fact that the clear and unambiguous language of the exclusionary provision relied on by Safeway did not exclude David Campos from coverage unless the accident or damage was caused by him. As it was uncontraverted that David Campos did not cause the accident, Safeway's defense was unreasonable. For its breach of La. R.S. 22:1220, subd. B(5), the trial court correctly awarded Calogero $5,000 in penalties. Further, because Safeway's conduct also violated La. R.S. 22:658, subd. B(1), the court of appeal was correct in awarding Calogero $7,000 in attorney fees. However, Safeway's statement to Calogero regarding Safeway's interpretation of the exclusionary clause was not a misrepresentation of a policy provision, thus Safeway did not breach La. R.S. 22:1220, subd. B(1).

DECREE
For the reasons stated herein, the judgment of the court of appeal awarding plaintiff an additional $5,000 in penalties for violating La. R.S. 22:1220, subd. B(1) is reversed. In all other respects, the judgment of the court of appeal is affirmed.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[*] Calogero, C.J., not on panel, recused. Rule IV, Part 2, § 3.
[1] $490 was the amount of interest Calogero had to pay on the car loan because of Safeway's delay in payment.
[2] The court of appeal's award of $7,000 in attorney fees is an appropriate amount under the factors enunciated in Rivet v. State, DOTD, 96-0145 (La.9/5/96), 680 So.2d 1154, 1161.
[3] Because we reinstate the trial court's ruling that Safeway did not violate La. R.S. 22:1220, subd. B(1), we need not address the court of appeal's holding that Calogero was entitled to an additional $5,000 penalty award under La. R.S. 22:1220, subd. C because of its breach of La. R.S. 22:1220, subd. B(1).