I-i SAUNDERS, J.,
dissents.
I respectfully dissent from the majority opinion on two specific points. First, I disagree with the majority decision that the trial court did not err in re-opening evidence on the issue of Sphere Drake’s available policy limit after remand from the supreme court, and second, I must disagree with the majority’s inclusion of certain attorney fees in establishing the available policy limit.
The majority finds no error in the trial court’s acceptance of new evidence on remand concerning the remaining value of the Sphere Drake policy at the time of the original trial. At the July 17, 2001 hearing, after reviewing the new evidence, the trial court found that valid deductions were to be taken from the $1,000,000.00 aggregate policy for attorney’s fees incurred in the defense of both Sphere Drake and the Sheriff, as apparently contracted for by the parties, as well as for a prior judgment in another Calcasieu Parish case.
The supreme court remanded this matter for the taking of evidence on two very specific issues. As stated in the supreme court’s opinion:
The ruling of the court of appeal is vacated to the extent that it does anything other than 1) reverse the judgment of the trial court of May 9, 2000; 2) reinstate the original trial court judgment; and 3) reverse the judgment against Continental Casualty Company. The case is remanded to the trial court for the taking of evidence on whether defendant Sphere Drake Insurance, P.L.C. was an admitted carrier and whether the policy at issue was a surplus lines policy at the time of issuance. If so, the trial 1 ?judge should determine the amount remaining available, pursuant to the terms and conditions of the policy, for satisfaction of the judgment rendered in the case. The propriety of that determination may thereafter be raised by any party aggrieved.
Edwards v. Daugherty, 01-540, p. 1 (La.4/27/01), 791 So.2d 107, 107-08 (emphasis added).
Based on this directive by the supreme court, evidence was to be opened on two issues only; first, whether Sphere Drake was an admitted carrier, and second, whether Sphere Drake was a surplus lines *796 carrier. After those two issues were determined, the court was to determine the amount left on the policy pursuant only to the terms and conditions of the policy, not on additional evidence of the earlier judgment from the Guillory v. Calcasieu Parish case. The plaintiffs argue, correctly so, that the directive from- the supreme court was not meant to allow Sphere Drake to present evidence that should have been presented in the initial trial. Evidence of the Guillory case, and the trial court judgment in that matter, was available at the time of the original trial and should have been raised by Sphere Drake at that time. The supreme court’s instructions were clear, and I suggest that the admission of evidence beyond that authorized by the supreme court was improper.
Additionally, I respectfully disagree with the majority determination that attorney fees for Sphere Drake’s defense should be subtracted from the available policy limit. The plaintiffs argue that Sphere Drake improperly deducted dual attorney fees to the detriment of the insured. The majority notes that, although the trial court indicated concern over the inclusion of this type of fee in the contract, it ultimately concluded that the contract provided for this type of expense. Furthermore, the majority admits that public policy may be implicated to the extent that payment of the insurer’s attorney fees are at issue, yet with the absence of a 1 ^supreme court decision specifically prohibiting this type of contractual provision relating to defense costs they are unwilling to prohibit a deduction for those fees. Despite the lack of specific supreme court precedent on this issue, I would hold that this contract provision allowing Sphere Drake to reduce the limit on the policy for their own attorney fees is against public policy, and more importantly, under the mandates of contract interpretation in Louisiana law, Sphere Drake is not entitled to such compensation even under the terms of their own policy.
Sphere Drake’s policy sets forth that it is responsible for all defense costs and expenses. It then lists an exclusion to the definition of “defense costs and expenses” which states that the phrase does not include salaries and expenses of underwriters’ employees, other than, “that portion of underwriters’ employed attorneys fees, salaries, and expenses allocated to a specific claim or suit.”
We recognize that provisions in an insurance policy that seek to restrict an insurer’s obligation are strictly construed against the insurer. Blackburn v. National Union Fire Ins. Co. of Pittsburgh, 99-1872 (La.App. 3 Cir. 8/23/00); 771 So.2d 175, reversed on other grounds, 2000-2668 (La.4/3/01), 784 So.2d 637. If more than one reasonable interpretation exists regarding a policy exclusion, any ambiguity must be construed against the insurer. Calogero v. Safeway Ins. Co., 99-1625 (La.1/19/00); 753 So.2d 170; reversed on other grounds, 1999-1625 (La.1/19/00), 753 So.2d 170; LeBlanc v. American Int’l Ins. Co., 99-1583 (La.App. 3 Cir. 3/22/00); 760 So.2d 387. This provision at issue is very broad and seems to allow the deduction of any type of attorney fees, as long as they can be vaguely referenced to a particular claim. It seems that, logically, this provision is meant to allow deduction of attorney’s fees incurred in the defense of the insured, not costs incurred by Sphere Drake alone. The 14attorney fees assessed by Frohn & Thibodeaux are not costs that have been incurred by Sphere Drake in defense of the suit against the Sheriff, but instead, costs incurred by Sphere Drake alone in defending its own claim. Thus, I would hold that Sphere Drake may not deduct attorney fees assessed by Frohn & *797 Thibodeaux from the insured’s policy limits.
For the above stated reasons, I respectfully dissent in part from the majority’s opinion in this case. I agree with the opinion in all other respects.