942 So.2d 609 (2006)
Derrick LATSON, Plaintiff-Appellant,
v.
Leon HARVEY, Michael Mitchell and State Farm Mutual Insurance Company, Defendants-Appellees.
No. 41,570-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2006.
*610 Davis Law Office by S.P. Davis, for Appellant.
Casten & Pearce by Theodore J. Casten, Shreveport, for Appellees, State Farm Mutual Ins. Co. and Michael Mitchell.
Hubley, Marcotte, Rhodes & Hussey by Michael S. Hubley, Shreveport, for Appellee, Leon Harvey.
Before BROWN, STEWART and LOLLEY, JJ.
LOLLEY, J.
Plaintiff, Derrick Latson, appeals a judgment from the First Judicial District Court, Parish of Caddo, State of Louisiana, which denied his demand for penalties and attorney fees sought under La. R.S. *611 22:658. For the following reasons, we affirm.

FACTS
On August 7, 2004, Derrick Latson was driving his motorcycle in the 1800 block of Hollywood Avenue, Shreveport, Louisiana, when he was struck by a pickup truck driven by Leon Harvey, Jr. The truck was owned by Michael Mitchell who was away on vacation at the time of the collision. Harvey worked as a laborer for Mitchell's roofing and remodeling business. Latson brought suit against Harvey, Mitchell, and Mitchell's insurer, State Farm, for the accident.
Following a bench trial, the trial court found in favor of Latson against Harvey and State Farm, in solido, for the sum of $25,500.00 and against Harvey, personally, for the sum of $225,000.00. All claims against Mitchell were dismissed. Latson also demanded penalties and attorney fees pursuant to La. R.S. 22:658; however, the trial court found that Latson did not carry his burden of proof that the statute applied to the instant case. This appeal, limited to the issue of penalties and attorney fees, ensued.

LAW AND DISCUSSION
Latson argues that the trial court erred in failing to award penalties and attorney fees pursuant to La. R.S. 22:658.[1] Louisiana R.S. 22:658 sets forth, in pertinent part:
A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:656, R.S. 22:657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
* * *
(3) Except in the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim and of a claim for reasonable medical expenses within fourteen days after notification of loss by the claimant. In the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim within thirty days after notification of loss by the claimant. Failure to comply with the provisions of this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1220.
(4) All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim.
B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4), respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of twenty-five percent damages on the amount found to be *612 due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, twenty-five percent of the difference between the amount paid or tendered and the amount found to be due.
La. R.S. 22:1220, cited in section 658, states in relevant part:
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
* * *
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause. C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
As the trial court correctly noted, these statutes are penal in nature and should be strictly construed. Reed v. State Farm Mutual Automobile Ins. Co., XXXX-XXXX (La.10/21/03), 857 So.2d 1012. Here, Latson had the burden of proving that the insurer received satisfactory proof of loss, failed to pay the claim within the applicable statutory period, and that the failure to timely tender a reasonable amount was arbitrary, capricious, or without probable cause. Block v. St. Paul Fire & Marine Ins. Co., 32,306 (La.App.2d Cir.09/22/99), 742 So.2d 746. However, the statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense. Id. Because this is a factual inquiry, the trial court's finding should not be disturbed on appeal absent a finding of manifest error. Id.
Although the record does not reflect that a clear "satisfactory proof of loss" was established, of more significance is State Farm's assertion that they had a serious defense. A central issue throughout the trial in the instant case was whether Mitchell had given Harvey permission to drive the vehicle involved in the accident while Mitchell was away. According to Mitchell's policy, coverage for a third party existed only if permission was granted by the insured. Where the insurer has legitimate doubts about coverage, the insurer has the right to litigate these questionable claims without being subjected to damages and penalties. Calogero v. Safeway Ins. Co. of Louisiana, XXXX-XXXX (La.01/19/00), 753 So.2d 170.
State Farm relied on Mitchell's steadfast assertion that he had not given Harvey permission to use the truck. The fact that the trial court found that Harvey had implied permission from Mitchell to use the vehicle, resulting in coverage, is not *613 dispositive. The record supports that State Farm was reasonable to believe they had a good-faith defense, and accordingly, Latson failed to prove that State Farm acted arbitrarily, capriciously, or without probable cause.

CONCLUSION
After reviewing the record, we do not find that the trial court erred in failing to award penalties pursuant to La. R.S. 22:658. For the foregoing reason we affirm. Costs of this appeal are assessed against plaintiff, Derrick Latson.
AFFIRMED.
NOTES
[1] We note Latson cites to a previous version of La. R.S. 22:658(B)(1) that was amended in 2003 and no longer provides for attorney fees. Attorney fees are not allowed in Louisiana except when authorized by statute or contract. Rivet v. State, 96-0145 (La.09/05/96), 680 So.2d 1154.