KNOLL, Justice.[1]
11 This civil action presents the issue of whether a written settlement agreement compromising a contested property insurance claim constitutes “proof of loss” under La.Rev.Stat. § 22:1892(A)(1) sufficient to trigger the penalties set forth in La. Rev.Stat. § 22:1892(B) for the insurer’s arbitrary and capricious failure to timely pay the settlement funds.
*326 Plaintiff, Katie Realty, Ltd., filed suit against defendant, Louisiana Citizens Property Insurance Corporation (Citizens), for its untimely handling of plaintiffs Hurricane Gustav property damage claim. The matter was settled through mediation for $250,000, inclusive of penalties and fees. When Citizens failed to timely pay the settlement funds, plaintiff filed a motion to enforce settlement and assess penalties pursuant to La.Rev.Stat. §§ 22:1892 and 1973. In accordance with La.Rev. Stat. § 22:1892(B)(1), the District Court awarded plaintiff $125,000 in penalties. The court of appeal affirmed, finding the settlement agreement constituted sufficient “proof of loss” under the provisions of La.Rev.Stat. § 22:1892(A)(1) and Citizens’ misconduct warranted the imposition of penalties under La.Rev.Stat. § 22:1892(B)(1). We granted writs to further consider this Rissue. Katie Realty, Ltd. v. Louisiana Citizens Property Ins. Corp., 12-0588 (La.5/4/12), 88 So.3d 469. For the following reasons, we find the written settlement agreement does not constitute satisfactory proof of loss under the provisions of La.Rev.Stat. § 22:1892(A)(1) sufficient to trigger the penalties set forth in La.Rev.Stat. § 22:1892(B)(1). Accordingly, we reverse the judgment of the court of appeal and render judgment awarding plaintiff $5,000 in statutory penalties for Citizens’ failure to timely pay the settlement funds in accordance with the provisions of La.Rev. Stat. §. 22:1973(B)(2) and (C).
FACTS
On September 1, 2008, Hurricane Gustav made landfall in south Louisiana. Commercial property owned by plaintiff, located at 1244 Barrow Street in Houma, Louisiana, sustained damage as a result of the storm. At the time, plaintiff maintained commercial insurance on the property through Citizens. On December 4, 2008, plaintiff filed suit against Citizens, seeking payment of its unpaid property damage claim plus statutory penalties and attorney fees pursuant to La.Rev.Stat. §§ 22:1892 and 1973. The petition alleged that damage quotes, totaling $192,423.98, were received by Citizens on October 24, 2008, and Citizens failed to pay the insured’s claim despite receiving this satisfactory proof of loss as required under La.Rev.Stat. § 22:1892(A)(1).
Citizens filed various exceptions and defenses and generally denied liability for plaintiffs claim. On July 16, 2010, the parties submitted the matter to mediation and signed a written settlement agreement. According to the agreement, Citizens was to pay the amount of $250,000, plus court costs up to $1,000, within thirty days “from today,” July 16, 2010. The settlement amount included payment for Citizens’ arbitrary and capricious conduct in the handling of plaintiffs claim.
| sAs a courtesy, counsel for plaintiff emailed counsel for Citizens on August 11, 2010, asking him to make sure funds were received by the close of business on August 16, 2010, or his client would insist on penalties as allowed by law. On August 16, 2010, counsel for Citizens contacted opposing counsel requesting a completed W-9 form; the duly-executed W-9 was returned to Citizens that same day. The next day, counsel for Citizens left a phone message for plaintiffs counsel, indicating a paralegal would be contacting him regarding the signing of the settlement documents. It was not until eight days later, on August 25, 2010, that Citizens contacted opposing counsel, via email, attaching a proposed receipt and release and copy of the settlement checks. Plaintiffs counsel requested changes to the receipt and release reserving plaintiffs right to sue for penalties and attorney fees. An agreed upon copy was signed and mailed as well *327 as emailed on August 27, 2010. On August 28, 2010, Citizens sent an email stating the checks went out “yesterday afternoon.” Two days later, on August 30, 2010, plaintiff filed a “Motion and Order to Enforce Settlement and Assess Damages, Penalties, and Attorney’s Fees.”
The settlement checks were not received by plaintiff until August 31, 2010, forty-five days after the written settlement agreement. Moreover, it was not disputed the envelope containing the checks was postmarked August 30, 2010, not August 27, 2010, as indicated in Citizens’ email. Notwithstanding the filing of the instant proceeding, plaintiff subsequently negotiated the $250,000 check.
In its motion, plaintiff sought penalties and attorney fees pursuant to La.Rev.Stat. § 22:1892, which provides that failure to “pay the amount of any claim due any insured within thirty days after receipt of satisfactory proof of loss,” La.Rev.Stat. § 22:1892(A)(1), “when such failure is found to be arbitrary and capricious, or without probable cause, shall subject the insurer to a penalty, in Raddition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured ... as well as reasonable attorney fees and costs.” La. Rev.Stat. § 22:1892(B)(1). Plaintiff also sought penalties under La.Rev.Stat. § 22:1973, which provides a “claimant may be awarded penalties ... in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater,” La.Rev.Stat. § 22:1973(C), if an insurer knowingly “failfs] to pay a settlement within thirty days after an agreement is reduced to writing.” La.Rev.Stat. § 22:1973(B)(2). Reading these statutes together, plaintiff claimed that “when defendants fail to fund or pay a settlement in the amount of $250,000.00 within 30 days, a penalty of ½ of the amount due, together with attorney’s fees and costs shall be assessed.”
In opposition, Citizens argued the only penalty for its failure to timely pay the settlement funds was contained in La.Rev. Stat. § 22:1973. Under its provisions, five thousand dollars was the maximum penalty awardable at the court’s discretion, and attorney fees were not recoverable.
Following the motion hearing, the District Court rendered judgment in open court on October 8, 2010, ordering Citizens to pay a penalty in the amount of fifty percent of $250,000, i.e., $125,000, inclusive of attorney fees. In rendering its decision, the District Court noted: (1) there was no evidence in the record that Citizens requested more time to pay; (2) there was no evidence offered as to why the money was paid late; and (3) plaintiffs attorney had to remind Citizens to pay the settlement money. The court further explained: “a plaintiff can certainly view this as ... a callous indifference to an insured. Plaintiffs had to fight every way of this case to get every penny that he is entitled to. That’s why laws were enacted by the Louisiana State Legislature, to stop this type of thing from going on.”
[sOn appeal, the First Circuit, in an unpublished two-to-one opinion, affirmed the District Court’s judgment. Katie Realty, Ltd. v. Louisiana Citizens Property Insurance Corp., 11-0949 (La.App. 1 Cir. 2/10/12), 90 So.3d 553 (unpub.). After first holding La.Rev.Stat. § 22:1892(A)(1) is applicable as “a signed settlement agreement between an insured and insurer clearly constitutes ‘proof of loss’ under the generally prevailing meaning of the term,” the appellate court went on to find no manifest error in the District Court’s finding Citizens’ actions were arbitrary and capricious and in bad faith, justifying the award of fifty percent of the settlement funds under La.Rev.Stat. § 22:1892(B). Id. at pp. 6-8, *328 90 So.3d 553. Judge Guidry dissented, reasoning by settling its claim with Citizens, plaintiff was precluded from bringing a subsequent action based on that claim. Moreover, the majority’s interpretation essentially renounced the validity of the settlement and made the adoption of La.Rev. Stat. § 22:1973 superfluous.
DISCUSSION
It is undisputed Citizens failed to timely pay the settlement. The sole issue before us is which penalty statute is applicable for Citizens’ misconduct, La.Rev.Stat. § 22:1892 or La.Rev.Stat. § 22:1973? Because this issue concerns statutory interpretation, our analysis is guided by well-established rules of statutory construction.
In accord with these rules, the interpretation of any statutory provision starts with the language of the statute itself. Oubre v. Louisiana Citizens Fair Plan, 11-0097, p. 11 (La.12/16/11), 79 So.3d 987, 997. When the provision is clear and unambiguous and its application does not lead to absurd consequences, its language must be given effect, and its provisions must be construed so as to give effect to the purpose indicated by a fair interpretation of the language used. La. Civ.Code art. 9; La.Rev.Stat. § 1:4; In re Clegg, 10-0323, p. 20 (La.7/6/10), 41 So.3d 1141, 1154. Unequivocal provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning. La. Civ.Code art. 11; La.Rev.Stat. § 1:3; see also Snowton v. Sewerage and Water Bd., 08-0399, pp. 5-6 (La.3/17/09), 6 So.3d 164, 168.
Words and phrases must be read with their context and construed according to the common and approved usage of the language. La.Rev.Stat. § 1:3. Every word, sentence, or provision in a law is presumed to be intended to serve some useful purpose, that some effect is given to each such provision, and that no unnecessary words or provisions were employed. Colvin v. Louisiana Patient’s Compensation Fund Oversight Bd., 06-1104, p. 6 (La.1/17/07), 947 So.2d 15, 19; Moss v. State, 05-1963, p. 15 (La.4/4/06), 925 So.2d 1185, 1196. Consequently, courts are bound, if possible, to give effect to all parts of a statute and to construe no sentence, clause, or word as meaningless and sur-plusage if a construction giving force to and preserving all words can legitimately be found. Oubre, 11-0097 at 12, 79 So.3d at 997. Additionally, statutes that are penal in nature must be strictly construed. Reed v. State Farm Mut. Auto. Ins. Co., 03-107, p. 13 (La.10/21/03), 857 So.2d 1012, 1020. Accordingly, we are bound to a strict interpretation of the plain language of the penalty provisions to which we now turn.
Both La.Rev.Stat. §§ 22:1892 and 1973 set forth affirmative duties for insurers and prescribe penalties for their breach. Under La.Rev.Stat. § 22:1892, the Legislature mandates the timely payment and adjustment of property and casualty insurance claims by requiring, in part:
A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph.
|7(2) All insurers issuing any type of contract, other than those specified in R.S. 22:1811, R.S. 22:1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of *329 any third party property damage claim and of any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant.
[[Image here]]
(4) All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim.
B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4), respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
La.Rev.Stat. § 22:1892 (emphasis added). La.Rev.Stat. § 22:1978 imposes a duty of good faith and fair dealings and outlines the acts, which, if knowingly committed, constitute a breach thereof, as well as the penalties for such misconduct:
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer’s duties imposed in Subsection A:
[[Image here]]
|s(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
[[Image here]]
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
La.Rev.Stat. § 22:1973 (emphasis added). We must determine which provision sets forth the duty to timely pay the settlement of a contested property insurance claim and the corresponding penalty for the failure to do so.
*330 On one hand, plaintiff alleges, and the lower courts agree, the $250,000 written settlement agreement, signed by both parties, constituted satisfactory proof of loss as contemplated by the Legislature in its enactment of La.Rev.Stat. § 22:1892(A)(1). In support of its position, plaintiff relies on this Court’s jurisprudence defining satisfactory proof of loss as only that which is sufficient to fully apprise the insurer of the insured’s claim, irrespective of the manner in which the insurer obtains it. Louisiana Bag, Inc. v. Audubon Indent,. Co., 08-0458, p. 23 (La.12/2/08), 999 So.2d 1104, 1119. Plaintiff further contends upon knowingly agreeing to pay plaintiff $250,000, Citizens was more than fully aware of the value and nature of plaintiffs claim and the amount due the insured. Thus, plaintiff argues Citizens’ arbitrary and capricious failure to pay the settlement funds “within thirty days after receipt of such satisfactory written proofs and demands therefor ... subjected the insurer to a penalty ... of fifty percent damages on the amount found to be due from the insurer to the insured ... as well as reasonable attorney fees.” La.Rev.Stat. § 22:1892(B)(1).
Moreover, while both La.Rev.Stat. §§ 22:1892 and 1978 mandate insurers have an affirmative duty to pay a settlement within thirty days of a written | settlement agreement, plaintiff contends La.Rev.Stat. § 22:1892 nevertheless controls because, as this Court has held, when statutes prescribe penalties for the same misconduct, the statute with the greater penalty supersedes the other. Calogero v. Safeway Ins. Co. of Louisiana, 99-1625, p. 7 (La.1/19/00), 753 So.2d 170, 174. As the penalty in La.Rev.Stat. § 22:1892(B)(1) of fifty percent of the settlement funds far exceeds the $5,000 maximum penalty of La.Rev.Stat. § 22:1973, La.Rev.Stat. § 22:1892(B)(1) prevails.
On the other hand, Citizens argues while La.Rev.Stat. § 22:1892(A)(1) is applicable when an insurer fails to pay the amount of a claim due to an insured within thirty days after satisfactory proof of loss, a settlement agreement does not constitute a “proof of loss.” Under this Court’s jurisprudence, “proof of loss” is a vehicle meant to advise an insurer of the facts of the claim and often takes the form of an estimate of damages prepared on behalf of the insured. See Louisiana Bag, supra. A settlement agreement, however, is not based on any factual determination of what the insured is owed. Rather, it is a compromise or agreement between the parties entered into in order to resolve a dispute, La. Civ.Code art. 3071, and Citizens is unaware of any jurisprudence equating a settlement agreement to a proof of loss.
Therefore, according to Citizens, the proper statute under which to assess the penalties in the instant matter is La.Rev. Stat. § 22:1973, which sets forth the affirmative duty to timely pay written settlement agreements and the corresponding penalty for breach of said duty. In accordance with its provisions, the failure to pay a settlement within thirty days after an agreement is reduced to writing, if knowingly committed, may then, at the court’s discretion, subject the insurer to penalties “in an amount not to exceed two times the damages sustained or five |inthousand dollars, whichever is greater.” Attorney fees, though, are not recoverable. We find Citizens’ position is correct.
The rules of statutory construction require us to read words and phrases with their context and to construe them according to their common and approved usage. La.Rev.Stat. § 1:3; Oubre, 11-0097 at p. 11, 79 So.3d at 997. The phrase with which the parties herein take issue is “proof of loss.” Reading this phrase in context, it is clear “proof of loss” means *331 proof of “the amount of any claim due any insured” arising under its contract of insurance issued by an insurer. The operative word then is “claim,” and the term in this context logically refers to an insurance claim, either property or casualty. It follows, therefore, proof of loss necessarily means proof sufficient to establish the amount due on an insurance claim. See Durio v. Horace Mann Ins. Co., 11-0084 (La.10/25/11), 74 So.3d 1159 (property damage claim arising under homeowner insurance policy); Louisiana Bag, 08-0453 at p. 23, 999 So.2d at 1119 (property damage claim due under commercial insurance policy); Calogero, 99-1625 at p. 2, 753 So.2d at 171-72 (property damage claim due under automobile insurance policy); Sevier v. U.S. Fid. & Guar. Co., 497 So.2d 1380 (La.1986)(property damage claim due under homeowner insurance policy); McDill v. Utica Mut. Ins. Co., 475 So.2d 1085 (La.1985)(personal injury claim arising under uninsured/underinsured motorist insurance coverage); Hart v. Allstate Ins. Co., 437 So.2d 823 (La.1983)(personal injury claim arising under automobile policy).
A settlement, however, is not an insurance claim arising under a contract of insurance. Rather, it is a compromise that resolves the dispute over the insurance claim. See La. Civ.Code art. 3071 (“A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship.”). A written | ^settlement agreement, therefore, constitutes proof of the amount due on the settlement of the claim, not the amount due on the insurance claim itself. As such, it is not sufficient to establish proof of a claim within the meaning of La.Rev.Stat. § 22:1892(A)(1).
In the present case, the facts undisput-edly demonstrate Citizens was guilty of violating La.Rev.Stat. § 22:1892(A)(1) by failing to timely process plaintiffs Hurricane Gustav property damage claim upon satisfactory proof of loss. Rather than waiting out the litigation process to recover the remedies provided pursuant to La. Rev.Stat. § 22:1892(B) for this misconduct, plaintiff elected to settle its La.Rev.Stat. § 22:1892(B) penalty claim with Citizens. By settling its property insurance claim, plaintiff was precluded from bringing a subsequent action based on that claim, which was thereby compromised. See La. Civ.Code art. 3080 (“A compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised.”).
As the dissent correctly reasoned in the court below, an interpretation of La.Rev. Stat. § 22:1892(A)(1) as encompassing the settlement of plaintiffs claim would not only renounce the validity of the settlement, but would also revive plaintiffs compromised claim. Such an interpretation not only leads to an absurd as well as an inequitable result, but further fails to comport with the strict construction of penal provisions required by our jurisprudence. Reed, 03-107 at p. 13, 857 So.2d at 1020.
La.Rev.Stat. § 22:1973, on the other hand, does explicitly set forth the penalties awardable for an insurer’s knowing failure to timely pay settlement funds. Given the facts in this matter, we find La.Rev.Stat. § 22:1973 controls. We turn now to a discussion of its application herein.
11?Under the provisions of La.Rev.Stat. § 22:1973(C), when an insurer knowingly fails to timely pay a settlement, an insured “may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.” Here, the record evidence undisput-edly shows Citizens’ actions in failing to timely pay the settlement funds were *332 knowingly made, and as such, Citizens is susceptible to penalties, at the court’s discretion, for this misconduct. The record also supports the District Court’s finding Citizens’ actions constituted a callous indifference to its insured who had to fight at every level for every cent it was owed. However, the damages for this misconduct were not proven, and thus, the penalty for such misconduct cannot “exceed ... five thousand dollars.” Oubre, 11-0097 at p. 20, 79 So.3d at 1002.
In our discretion and in consideration of the District Court’s factual findings regarding the degree of Citizens’ misconduct, which findings are clearly supported by the undisputed record evidence, we find a penalty award of $5,000 is appropriate and warranted. Accordingly, in the interest of justice and judicial economy, we render judgment awarding plaintiff $5,000 in penalties for Citizens’ proven misconduct.
CONCLUSION
In summary, we find the written settlement of a contested insurance claim does not constitute proof of loss of an insurance claim sufficient to subject the insurer to the penalties set forth in La.Rev.Stat. § 22:1892(B) for its untimely payment of the settlement funds. Rather, we find the explicit provisions of La.Rev.Stat. § 22:1973(B)(2) and (C) control and award penalties in accordance with these provisions for Citizens’ knowing failure to timely pay the settlement funds. [ ^Accordingly, we reversed the judgment of the court of appeal and render judgment awarding plaintiff $5,000 in statutory penalties.
DECREE
For the foregoing reasons, the judgment of the Court of Appeal is hereby reversed, and judgment is rendered in plaintiffs favor, awarding plaintiff $5000 in penalties.
REVERSED; JUDGMENT RENDERED.
Retired Judge LEMMIE O. HIGHTOWER, sitting Justice ad hoc for WEIMER, J., recused.

. Retired Judge Lemmie O. Hightower, sitting Justice ad hoc for Weimer, J., recused.