# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

CALVIN J. HILL, INDIVIDUALLY
AND AS THE EXECUTOR OF THE
SUCCESSION OF ELNORA JOHNSON
HILL, ET AL

VERSUS

TMR EXPLORATION, INC., PARK
EXPLORATION, INC., AND VITOL
RESOURCES, INC., ET AL

NO.   2019 CW 1089

DEC 0 6 2019

In Re:   Gemini Insurance Company, applying for supervisory writs, 18th Judicial District Court, Parish of West Baton Rouge, No. 41245.

BEFORE:   McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**WRIT GRANTED IN PART, DENIED IN PART.** The portion of the trial court's June 24, 2019 ruling denying the motion for summary judgment filed by Gemini Insurance Company as to the plaintiffs' claims for damages under La. R.S. 22:1892, La. R.S. 22:1893, and La. R.S. 22:1973 is reversed. Statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and was acting in good-faith reliance on that defense. **Bingham v. State Farm Mutual Auto. Ins. Co.**, 2012-0375 (La. App. 1st Cir. 11/2/12), 2012 WL 5386619, *2 (unpublished) (citations omitted). Gemini pointed out the absence of factual support for these claims as the evidence showed Gemini had reasonable doubts concerning coverage for the plaintiffs' claims and, therefore, had the right to litigate these claims without being subjected to damages and penalties. **Calogero v. Safeway Ins. Co. of Louisiana**, 99-1625 (La. 1/19/00), 753 So.2d 170, 173 (citations omitted). Therefore, we grant Gemini's motion for summary judgment, in part, and dismiss the plaintiffs' claims asserted against Gemini pursuant to La. R.S. 22:1892, La. R.S. 22:1893, La. R.S. 22:1973, with prejudice. The writ is denied in all other respects.

**JEW**
**GH**

**McClendon, J.**, concurs in part and dissents in part. I agree with the majority in dismissing, with prejudice, the plaintiffs' bad faith claims pursuant to La. R.S. 22:1892, La. R.S. 22:1893, and La. R.S. 22:1973 against Gemini Insurance Company. However, I dissent in part and would issue a briefing schedule per La. Code Civ. P. art. 966(H) to reach the merits of whether coverage exists for the plaintiffs' claims.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT