# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

CHRISTINA LANGLOIS

VERSUS

NATIONAL LIABILITY & FIRE
INSURANCE COMPANY, BAKER
WELLNESS CENTER, INC., JUDY
GAGE, STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY
AND SHANNON SPIKES

NO. 2021 CW 1259

OCTOBER 26, 2021

---

In Re:    National Liability & Fire Insurance Company, applying
          for supervisory writs, 19th Judicial District Court,
          Parish of East Baton Rouge, No. 638754.

---

**BEFORE:    GUIDRY, McCLENDON, WELCH, THERIOT, and CHUTZ, JJ.**

   **WRIT GRANTED.** The trial court erred by denying the motion
for partial summary judgment filed by National Liability & Fire
Insurance Company, seeking to dismiss the plaintiff's claim for
penalties and attorney's fees under La. R.S. 22:1892. Statutory
penalties are inappropriate when the insurer has a reasonable
basis to defend the claim and was acting in good-faith reliance
on that defense. **Baack v. McIntosh**, 2020-01054 (La. 6/30/21) ---
So.3d ---, 2021 WL 2679825, *7; **Bingham v. State Farm Mutual
Auto. Ins. Co.**, 2012-0375 (La. App. 1st Cir. 11/2/12), 2012 WL
5386619, *2 (unpublished). National pointed out the absence of
factual support for this claim as the evidence showed National
had reasonable doubts concerning coverage for the plaintiff's
claims and, therefore, had the right to litigate these claims
without being subjected to damages and penalties. **Calogero v.
Safeway Ins. Co. of Louisiana**, 99-1625 (La. 1/19/00), 753 So.2d
170, 173. See also **Hill v. TMR Exploration, Inc.**, 2019-1089 (La.
App. 1st Cir. 12/6/19) 2019 WL 6655588 (unpublished); **Hill v.
TMR Exploration, Inc.**, 2019-1090 (La. App. 1st Cir. 12/27/19)
2019 WL 72123792019 (unpublished). Therefore, we reverse the
trial court's October 12, 2021 judgment denying the motion,
grant National Liability & Fire Insurance Company's motion for
partial summary judgment, and dismiss the plaintiff's claims
asserted against it pursuant to La. R.S. 22:1892.

                         **JMG**
                         **PMc**
                         **JEW**

   **Chutz. J.,** dissents and would deny the writ, finding the
criteria set forth in **Herlitz Construction Co., Inc. v. Hotel
Investors of New Iberia, Inc.**, 396 So.2d 878 (La. 1981) (per
curiam) are not met.

   **Theriot, J.,** dissents and would deny the writ.

COURT OF APPEAL, FIRST CIRCUIT

_____
     DEPUTY CLERK OF COURT
        FOR THE COURT